**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JINMEI ZHANG, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26 C 5450** |
| | ) | |
| MICHAEL SCHUSTER, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER DISMISSING CASE**

The Court ordered plaintiff Jinmei Zhang, who has sued Michael Schuster, to show cause why her case should not be dismissed under the doctrine of claim preclusion, or res judicata, based on the judgment entered against her in an earlier lawsuit she filed against Schuster, Case No. 18 C 3283 (N.D. Ill.). That case was dismissed on the merits by another judge in this district, and the court of appeals upheld the judgment.

Ms. Zhang's claims against Mr. Schuster arise from events that took place starting in May 2016, when Schuster, an undercover federal law enforcement agent, arrested her for suspected prostitution. The charges against Ms. Zhang were later dropped. She then sued Mr. Schuster (and others) asserting several claims arising from the arrest, the seizure of money at the time of the arrest, and deprivations relating to the institution of the later-dismissed criminal charges. As indicated, Ms. Zhang's lawsuit was dismissed on the merits. She filed the present lawsuit in May 2026.

The doctrine of claim preclusion, or res judicata, bars the relitigation of claims that were brought, or that could have been brought, in an earlier suit that reached final

judgment.  *See, e.g., Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560 (7th Cir. 2019).  The defense applies when there is "an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits.'" *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).  The second and third requirements are clearly met here:  the parties are the same (Ms. Zhang sued Mr. Schuster in both lawsuits), and the earlier suit reached a final judgment on the merits.

The only question regarding claim preclusion raised by Ms. Zhang in her response to the Court's order to show cause involves the first requirement:  identity of the causes of action.  Ms. Zhang says that she has asserted additional claims beyond those made in her earlier suit, specifically, claims for physical injury and for conversion of a jade pendant.  But all of these claims arise from the events connected with the arrest and seizure in 2016.  And for purposes of claim preclusion, all claims arising from the same factual situation are treated as the same cause of action.  *See, e.g., Adams Outdoor Advertising Ltd. P'ship v. City of Madison*, 56 F.4th 1111, 1117 (7th Cir. 2023).  Thus Ms. Zhang's purportedly new claims are part of the same cause of action as her earlier claims that were dismissed on the merits.

Ms. Zhang also contends that claim preclusion should not apply because, she says, the prior judgment was procured by fraud.  But what she cites does not amount to fraud that undermines the preclusive effect of the earlier judgment.  Rather, Ms. Zhang simply says that Mr. Schuster falsely denied his misconduct and that the prior court relied on that denial.  It's not apparent to the Court that this was the basis for the earlier dismissal.  But if it was, the time to raise that point was in opposition to summary judgment in the earlier case, on appeal from the dismissal of that case, or in a post-

2

judgment motion to the original court under Federal Rule of Civil Procedure 60(b), not by filing a fresh lawsuit four years after the dismissal of the case. In sum, this allegation by Ms. Zhang does not provide her a way around the application of claim preclusion.

Finally, even if claim preclusion did not apply to Ms. Zhang's claims asserted for the first time in the present lawsuit, those claims are certainly barred by the applicable statutes of limitations, none of which are anywhere close to the nearly ten years that passed between the events of 2016 and Ms. Zhang's filing of this lawsuit.

### Conclusion

For the reasons stated above, the Court dismisses this case and directs the Clerk to enter judgment stating: This case is dismissed with prejudice.

Date: June 29. 2026

_____
MATTHEW F. KENNELLY
United States District Judge